9 F.3d 113
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES Plaintiff-Appellee,
v.
Robert C. DOUGHERTY, Defendant-Appellant.
 No. 93-1276.
 United States Court of Appeals, Seventh Circuit.
 Argued Sept. 20, 1993.
Decided Oct. 26, 1993.
 
 1
 Before POSNER, Chief Judge, MANION, Circuit Judge, and FOREMAN, Senior District Judge*
 
 ORDER
 
 2
 This case is before us on appeal from the sentence imposed upon the defendant following his guilty plea on a multiple-count indictment charging him with bank fraud, wire fraud, and mail fraud in the Southern District of Indiana. For the following reasons, we affirm.
 
 I. Background
 
 3
 The defendant was indicted in both Indiana and Kentucky on charges emanating from a credit card scheme involving a travel agency. The scheme was multi-faceted, but its basic purpose was to obtain credit card numbers from customers to guarantee travel reservations. The defendant then used the numbers to make unauthorized charges against the customers' accounts. Based upon these charges, the bank would credit the defendant's merchant account and the defendant would have access to the funds. When the customers later disputed these unauthorized charges, the bank would attempt to recover the money by filing chargebacks against defendant's merchant account. However, by that time, the defendant had withdrawn the money. Therefore, there were insufficient funds in the account and the bank was unable to recover the chargebacks.
 
 
 4
 The Indiana indictment charged that the defendant used this type of scheme to defraud the Friendship State Bank of approximately $260,000 and the Harbridge Merchant Services of approximately $28,000. The indictment further charged that the defendant defrauded fourteen individual customers of a total of approximately $30,000 by cashing checks from these individuals as payment for travel on a cruise line but failing to forward all of the money to the cruise line. Although the defendant informed the customers that their trip was confirmed, they would learn upon arrival at the cruise line that their trip had been canceled for failure to pay the full amount.
 
 
 5
 The defendant entered into plea agreements in both states and appeared before Judge S. Hugh Dillin in the Southern District of Indiana on January 22, 1993, for change of plea and sentencing. The presentence report found that the amount of the loss suffered by the various victims was $317,123, including $259,432 lost by the Friendship State Bank. When asked by the court if he had any objections to the presentence report, the defendant stated that he disputed the amount of the loss to the Friendship State Bank. The defendant claimed that there were discrepancies in the bank's records, but that he had not had an opportunity to fully review the records to establish the actual loss. However, neither defendant nor his counsel asked the court for a continuance of the sentencing hearing so that they could conduct a more complete review of the records.
 
 
 6
 The amount of the loss is important because the federal Sentencing Guidelines provide for an eight-level enhancement if the losses caused by the defendant's conduct was more than $200,000, but only a seven-level enhancement if the loss is more than $120,000 but not more than $200,000. Neither defendant nor his counsel presented any evidence to dispute the government's calculations, other than counsel's statement that he had been able to identify at least $15,000 in duplicate debits, plus another $19,000 that fit the same pattern. In sum, he told the court:
 
 
 7
 I cannot tell you the exact number that we dispute the $259,000 by. I can tell you that at this point in time, we have not shown that the total loss in the indictment would fall below $200,000. But we feel that the loss to Friendship State Bank is overstated by 25 to 30, 35 percent, probably more.
 
 
 8
 Transcript of Sentencing, at 22.
 
 
 9
 The district court ultimately adopted the $317,123 loss calculation in the presentence report. Therefore, the defendant's Guideline range was adjusted by eight levels to a total offense level of 14, with a criminal history category of II, which provides for a range of 18 to 24 months. He was sentenced to the maximum term of 24 months.
 
 
 10
 On appeal, the defendant argues that the trial court erred in making a finding of fact that the loss was $317,123. He argues that his plea agreement reserved the right to challenge the amount of the loss and he had not been afforded a full opportunity to review the bank records to challenge the amount.
 
 II. Analysis
 A. Standard of Review
 
 11
 We review a sentencing court's factual determinations under a clearly erroneous standard. United States v. Jackson, 983 F.2d 757, 762 (7th Cir.1993). "A finding of fact is clearly erroneous only if, after reviewing all the evidence, the appellate court is left 'with the definite and firm conviction that a mistake has been committed.' " United States v. Brown, 900 F.2d 1098, 1102 (7th Cir.1990) (quoting Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985)).
 
 B. Discussion
 
 12
 The Sentencing Guidelines provide that for an offense involving fraud and deceit, the base offense level is 6. U.S.S.G. Sec. 2F1.1(a). However, if the victim(s)' loss(es) exceeded $2,000, the offense level is increased according to the amount of the loss. Id. Sec. 2F1.1(b)(1). For example, where the loss is more than $120,000 but not more than $200,000, the court increases the base offense level by seven levels. Id. Sec. 2F1.1(b)(1)(H). Where the loss is more than $200,000 but not more than $350,000, the court increases the base offense level by eight levels. Id. Sec. 2F1.1(b)(1)(I).
 
 
 13
 The commentary to the Guidelines states that "[f]or the purposes of subsection (b)(1), the loss need not be determined with precision. The court need only make a reasonable estimate of the loss, given the available information." Id. comment. (n. 8). The district court must use accurate information in arriving at its finding but that information need not be admissible at trial; hearsay may be considered by the sentencing court. United States v. Musa, 946 F.2d 1297, 1306 (7th Cir.1991).
 
 
 14
 The defendant argues that the district court's finding of the monetary loss is clearly erroneous because the court failed to hear testimony about the loss, but instead accepted the statement of the loss in the pre-sentence report. However, the record indicates that Special Agent William M. Gleason, the case agent assigned to the investigation, testified as to how the calculation was made and vouched for the accuracy of the documents attached to the presentence report showing the Friendship State Bank's losses.
 
 
 15
 The defendant attacks this evidence as unsworn testimony. However, this Court has held that "[t]he rule that a witness be sworn before testifying does not apply to sentencing proceedings.... Once the guilt of a defendant has been established, the sentencing judge may, consistent with the due process clause, consider responsible unsworn testimony." United States v. Blythe, 944 F.2d 356, 363 (7th Cir.1991).
 
 
 16
 The defendant next argues that the court violated section 6A1.3 of the Sentencing Guidelines, which states that:
 
 
 17
 (a) When any factor important to the sentencing determination is reasonably in dispute, the parties shall be given an adequate opportunity to present information to the court regarding that factor....
 
 
 18
 (b) The court shall resolve disputed sentencing factors in accordance with Rule 32(a)(1), Fed.R.Crim.P....., notify the parties of its tentative findings and provide a reasonable opportunity for the submission of oral or written objections before imposition of sentence.
 
 
 19
 U.S.S.G. Sec. 6A1.3. The defendant asserts that the district court failed to follow the guidelines because the court did not notify the parties of its tentative findings and provide a reasonable opportunity for objections prior to imposition of the sentence.
 
 
 20
 It is important to note, however, that the commentary to Sec. 6A1.3 states that "[i]f sentencing factors are the subject of reasonable dispute, the court should, where appropriate, notify the parties of its tentative findings and afford an opportunity for correction of oversight or error before sentence is imposed." Id. comment. Thus, the courts have not construed section 6A1.3(b) as a rigid requirement. United States v. Osborne, 931 F.2d 1139, 1147-49 (7th Cir.1991) (noting that section 6A1.3 is designated as a "policy statement" and "[t]he case law interpreting Section 6A1.3(b) has not applied the rigid requirement for the tentative findings [defendant] urges.").
 
 
 21
 We have not read [section 6A1.3] as demanding the sentencing judge's preparation of such tentative findings before the sentencing hearing begins (United States v. Osborne, 931 F.2d 1139, 1147-49 (7th Cir.1991)). Instead Guidelines Sec. 6A1.3 requires only that the court present a defendant with the opportunity to address disputed factual issues before the court decides on and pronounces the sentence. That is exactly what happened here: [the defendant] received the PSI (which contained the probation officer's statement as to the factors supporting enhancement) well in advance of the hearing, and he presented written responses, oral argument and his own testimony on the disputed factual issues at the sentencing hearing.
 
 
 22
 United States v. Pless, 982 F.2d 1118, 1129 (7th Cir.1992).
 
 
 23
 The record in this case shows that the defendant had reviewed the presentence report well before his sentencing hearing and was given the opportunity to object to the report during the hearing. Thus, the district court's procedures complied with the requirements of section 6A1.3 and with the defendant's due process rights.
 
 
 24
 The defendant argues that the district court erred in failing to order a complete production of the bank records and to conduct a full evidentiary hearing after the defendant had an opportunity to review those records. However, the defendant never requested a full evidentiary hearing. Moreover, even if the defendant had made such a request, the district court was not required to grant it. "This court has held that Sec. 6A1.3 of the Guidelines requires the district court to provide a procedure--but not necessarily an evidentiary hearing--in which the parties may argue contested sentencing issues." United States v. Cantero, 995 F.2d 1407, 1413 (7th Cir.1993). The district court, therefore, satisfied the requirements of section 6A1.3 when it presented the defendant with the findings of the presentence report and gave him an opportunity during the sentencing hearing to object to those findings.
 
 
 25
 The defendant argues that he was not given sufficient opportunity to review the bank's records to challenge their accuracy. However, neither the defendant nor his counsel asked for a continuance during the sentencing hearing to allow them to make a more thorough investigation of the records. In any event, the record shows that the defendant has had more than ample time to pinpoint any errors in the bank's calculations.
 
 
 26
 The record shows that the defendant knew when he entered into the plea agreement on October 2, 1992, that the exact amount of the loss incurred by the Friendship State Bank would be an issue. See Plea Agreement p 5(d) ("Defendant reserves the right to argue that the loss is less than $318,000 for the reason that the defendant alleges the amount of loss to the Friendship State Bank is less than the figure which the United States has used in its calculation of loss to the Friendship State Bank."). The defendant was given a copy of the presentence report sometime around November 30, 1992, and his sentencing hearing was postponed until January 22, 1993. Therefore, he had more than a month to determine the accuracy of the presentence report's conclusion that the loss totaled more than $200,000.
 
 
 27
 Defendant's counsel admitted in oral argument before this Court that he had access to the bank records in late November. However, he asserts that the defendant's access was limited because of knee surgery which was required in late fall and early winter 1992. The Court finds this argument unpersuasive. Even if the defendant's access to the records was limited in November and December 1992, the record indicates that the defendant had a previous opportunity to review the records when he and the bank were involved in civil litigation over these same accounts prior to the institution of the criminal charges. In fact, counsel in this case told the district court that, "even in civil litigation where the bank produced all this documentation and Mr. Dougherty and his attorney had the opportunity to go through it, they were unable to agree on what the amount of the actual loss sustained was." Transcript of Sentencing, at 22. Thus, the defendant's inability to challenge the bank's records is obviously not based upon a lack of time to review them.
 
 
 28
 The defendant's final argument is that the district court committed clear error in adopting the presentence report's findings of a $259,000 loss by the Friendship State Bank despite the defendant's calculations showing that there was at least a $34,000 discrepancy in the figures. However, the record shows that counsel made no attempt to provide any evidence to substantiate his bare statement that he had found such discrepancies. Furthermore, even if the district court had erred in ignoring counsel's findings, such error would be harmless. At best, counsel's $34,000 discrepancy would have reduced the total losses suffered by the victims to $283,123--which is still above the $200,000 cutoff for an eight-level enhancement. Thus, even if the court had reduced the losses as suggested by counsel, it would not have changed the end result.
 
 III. Conclusion
 
 29
 The district court acted properly in adopting the factual findings in the presentence report regarding the amount of the losses suffered by the victims of the defendant's fraudulent credit card scheme. The defendant had ample opportunity to object or present contrary evidence, but did not fully avail himself of that opportunity. Based upon the evidence presented by the case agent at the sentencing hearing in support of the presentence report, the district court made a "reasonable estimate of the loss, given the available information." Therefore, its findings were not clearly erroneous. Accordingly, the district court's judgment imposing a 24-month sentence upon the defendant is AFFIRMED.
 
 
 
 *
 Judge James L. Foreman, Senior District Judge from the Southern District of Illinois, is sitting by designation